UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMIE LABRANCHE                                    CIVIL ACTION

VERSUS                                             NO. 15-2280-HGB-SS

DEPARTMENT OF DEFENSE
INSPECTOR GENERAL

**ORDER**

PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Rec. doc. 25)

**DENIED**

On June 23, 2015, Jamie Labranche, filed a complaint without the assistance of counsel. The only defendant was the Department of Defense, Office of Inspector General. The complaint alleged that: (1) the Inspector General, Matthew Pitzer, violated Mr. Labranche's civil rights; (2) on October 17, 2012, Mr. Labranche notified the Secretary of the Navy that felons were gaining unescorted access to Navy bases; and (3) but for the Inspector General's negligence, the Navy Yard shooting would have been averted. Rec. doc. 1. Prior to any appearance by the defendant, Mr. Labranche moved for summary judgment. Rec. doc. 6.

On September 8, 2015, the defendant moved to dismiss the complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted. Rec. doc. 11. The District Judge ordered that the motion to dismiss would be heard before the motion for summary judgment. Rec. doc. 16. The parties submitted further briefs on the motion to dismiss. Rec. docs. 17 and 22. The motion to dismiss is pending.

On November 23, 2015, Mr. Labranche submitted a motion for leave to amend his complaint. Rec. doc. 25. The defendant opposes it as futile. Rec. doc. 27. Mr. Labranche submitted a reply. Rec. doc. 28.

Mr. Labranche moves to add James Letten, a former United States Attorney for the Eastern District of Louisiana, Sharon Smith, an Assistant United States Attorney for the same district, and the Department of Justice as defendants. There are exhibits, including a page from nola.com with a December 6, 2012 report of the resignation of James Letten and a November 17, 2012 letter from Mr. Labranche to Mr. Letten. In the letter, Mr. Labranche identified himself as a project manager for Goodworks Goodwill at Belle Chase Naval Base. He reported that he filed a *qui tam* false claim suit against Goodworks Goodwill on November 16, 2012. He alleged that it had a few bad apples who were stealing money from a Navy contract. He reported threats on his life as a result of the suit. He sought Mr. Letten's position on the case. Rec. doc. 25. In the motion, he alleged that Mr. Letten, Ms. Smith and the Department of Justice failed to perform their constitutional duties in violation of his civil rights. There are no specific allegations against the Department of Justice.

With his reply memorandum, Mr. Labranche submitted 62 pages of exhibits. They include email exchanges with Jason Bigelow, an Assistant United States Attorney, of November 20 and December 1, 2015 concerning the motion to add Mr. Letten and Ms. Smith, a purported transcript of a telephone conversation between Mr. Labranche and Ms. Smith (the gist is that if Mr. Labranche is represented, Ms. Smith will have to communicate with the lawyer), an October 17, 2012 letter from Mr. Labranche to Ray Mabus concerning the alleged Goodworks Goodwill wrongdoing at Belle Chasse Navy Air Station and a report by the Inspector General for the Department of Defense concerning the Navy Commercial Access Control System. Rec. doc. 28.

In Jacobsen v. Osborne, 133 F.3d 315, (5th Cir. 1998), the Fifth Circuit stated:

> The denial of a Rule 15(a) motion to amend is reviewed for abuse of discretion. Likewise, whether to grant such a motion is committed to the sound discretion of the district court . . . , but, that discretion is limited by Rule 15(a), which states that leave shall be given when justice so requires. In sum, the motion should not be

2

> denied unless there is a substantial reason to do so.  Toward that end, the district court may consider factors such as whether there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

Id. at 318 (citations omitted and quotation marks omitted).  A district court is properly within its discretion to deny a motion for leave to amend if the amendment is futile.  An amendment is futile where the amended complaint fails to state a claim upon which relief can be granted.  To determine futility, the district court should apply the same standard of legal sufficiency as applies under Rule 12(b)(6).  Stripling v. Jordan Production Company, L.L.C., 234 F.3d 863, 873 (5th Cir. 2000).

The defendant argues that:  (1) Mr. Labranche's claim against Mr. Letten and Ms. Smith arises out actions taken by them in the course and scope of their federal employment; and (2) he has not alleged any facts that can overcome the immunity afforded to them while acting in their official capacities.  Among the authorities cited by the defendant is Smart v. Holder, 368 F.App'x 591 (5th Cir. 2010).  The Fifth Circuit held:

> The district court properly dismissed Smart's due process claim against the Attorney General, the Acting United States Attorney, and the Department of Justice, because sovereign immunity deprived the court of subject-matter jurisdiction.  As the court rightly noted, suits against federal officers in their official capacity are really suits against the government, and for these suits to go forward, the government must waive its sovereign immunity.  Smart has not shown that the government waived its immunity.  He does not allege a state tort law theory that would allow him to proceed under the Federal Tort Claims Act. . .

Id. at 593 (Citations and footnote omitted).  For the reasons presented by the defendant, Mr. Labranche's proposed amendment does not overcome the immunity provided Mr. Letten and Ms. Smith.

IT IS ORDERED that the motion of the plaintiff, Jamie Labranche, for leave to amend complaint to add defendants (Rec. doc. 25) is DENIED.

New Orleans, Louisiana, this 15th day of December, 2015.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**